GREGORY CHARLES, ESQ., BAR NO. 208583
CAMPEAU GOODSELL SMITH
440 North First Street, Ste. 100
San Jose, California 95112
Telephone: 408.295.9555
Facsimile: 408.852.0233
gcharles@campeaulaw.com

Counsel for plaintiffs

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: <br><br> HARBANS S. GREWAL & MANJIT K. GREWAL <br><br> DEBTORS. <br><br> HARBANS S. GREWAL & MANJIT K. GREWAL <br><br> PLAINTIFFS, <br><br> V. <br><br> SANTA CRUZ COUNTY BANK & DOES 1-10 <br><br> DEFENDANTS. | Case No. 10-60800 <br><br> Chapter 7 <br><br> Adversary No. 11-05067 <br><br> **MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY ON CLAIMS OF VIOLATION OF 11 USC § 362 AND CONVERSION** <br><br> **HONORABLE ARTHUR S. WEISSBRODT** <br><br> DATE: SEPTEMBER 9, 2011 <br> TIME: 3.00 P.M. <br> PLACE: COURTROOM 3020 |

**To the HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES BANKRUPTCY JUDGE FOR THE NORTHERN DISTRICT OF CALIFORNIA**

The Motion for Partial Summary Judgment of Harbans S. Grewal and Manjit K. Grewal (collectively "Plaintiffs") respectfully represents:

1. The complaint in this matter asserts causes of action for violation of 11 USC § 362 and conversion, and the Plaintiffs seek summary judgment as to liability for each claim.

2. On March 27, 2,000, Mr. Grewal purchased a service station and equipment located at 8385 Monterey Road in Gilroy ("Premises") and there operated a proprietorship known as Grewal Shell. Subsequently, the Plaintiffs bought equipment

to test vehicle emission systems.

    3. Later, the Plaintiffs incorporated American Gas and Auto, Inc. ("American") but did not contribute their personal property to the business.

    4. In 2007, the Plaintiffs sought a loan from the Defendant. While the Defendant required a first deed of trust on the Premises and a security interest in American's personal property, it did not require a security interest in the Plaintiffs' personality.

    5. The Plaintiffs defaulted on the loan, and the Defendant foreclosed on the Premises and American's assets.

    6. The Defendant changed the locks and refuses to return the Plaintiffs' property. The items at issue include.

    A. CA Bar 97 Revised Smog System
    B. Dynamometer (in ground)
    C. Cooling Fan
    D. Parts cleaner (blue box)
    E. Grinder
    F. Repair Manuals
    G. Engine Scope
    H. Grease Dispenser
    I. Oil drain tank
    J. Mop Bucket
    K. O-Rings & Quarter Pins
    L. Drain Pans (3)
    M. Oil Funnels
    N. Parts Cart
    O. Battery Water Container
    P. Desktop computer in the shop
    Q. BMW Engine on Rollers
    R. BMW rims with old tires

Campeau Goodsell Smith
A Law Corporation

1  S. Water cooler

2  T. Small refrigerator

3  U. Miscellaneous parts

4  V. Used black hoses & nozzles

5  W. ERC tester with kit

6  X. ERG Tool

7  25. The Plaintiffs filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 18, 2010. The Defendant had actual knowledge of the bankruptcy but refused to return the property, despite post-petition demand.

26. The Grewals received a discharge on January 19, 2011.

27. Mr. Grewal is operating a new service station and is unable to perform a variety of services without the equipment.

28. These considerations are undisputed and proven by the accompanying declarations of Harbans Grewal and Gregory Charles and their respective exhibits.

29. Since these considerations demonstrate a willful violation of the automatic stay, Plaintiffs move for summary judgment as to liability on this claim.

30. Further, the Defendant converted the Plaintiffs' property. Consequently, the Plaintiffs move for summary judgment as to liability on this claim.

31. Finally, the Plaintiffs are entitled to and seek restoration of their property.

Dated: August 2, 2011                        CAMPEAU GOODSELL SMITH
                                             A Law Corporation


                                             By:   /s/Gregory J. Charles
                                                 Gregory Charles
                                                 Attorneys for the Plaintiff

Eight

# CERTIFICATE OF SERVICE

I am over eighteen years of age, not a party, and employed at 440 North 1st Street, Ste. 100, San Jose, CA 95112. I am familiar with the processing of documents for delivery noted below. I caused to be served the following on the date listed below: 1. Notice of Hearing, 2. Motion for Summary Judgment as to liability on claims of violation of 11 USC § 362 and Conversion, 3. Declaration of Harbans S. Grewal in support of Motion for Summary Judgment, and 4. Declaration of Gregory Charles in support of Motion for Summary Judgment

By the following means:

U.S. MAIL – I placed copies in envelopes that were then sealed and, with postage fully prepaid thereon, on this date placed for collection and mailing at my place of business following ordinary business practices. Envelopes will be deposited with the U.S. Postal Service at San Jose, California on this date in the ordinary course of business; and there is delivery service by U.S. Postal Service at the place so addressed.

FEDERAL EXPRESS - I served the above-named document[s] on the party[ies] named below, by depositing the above document[s] in a box or other facility regularly maintained by Federal Express, in an envelope or package designated by Federal Express, with delivery fees prepaid, addressed to the party[ies] at the address[es] listed below.

E-MAIL: Pursuant to an agreement of the parties, I caused the document[s] to be sent to the person[s] at the e-mail address[es] listed below.

✓ ECF: I caused the document[s] to be sent to the person[s] at the e-mail address[es] listed below through the electronic court filing system maintained by the court in this action.

HAND DELIVERY: I caused the documents to be hand delivered to the addressee.

On this person or persons:

> William Thomas Lewis
> Counsel for Santa Cruz County Bank
> wtl@roblewlaw.com

On August 2, 2011, I declare that the above is true and correct.

_/s/ Gregory Charles_

Certificate of Service