Gregory Charles, Esq., Bar No. 208583
Campeau Goodsell Smith
440 North First Street, Ste. 100
San Jose, California 95112
Telephone: 408.295.9555
Facsimile: 408.852.0233
gcharles@campeaulaw.com

Counsel for Plaintiffs

United States Bankruptcy Court

Northern District of California

San Jose Division

| | |
|---|---|
| In re:<br><br>Harbans S. Grewal & Manjit K. Grewal<br><br>Debtors.<br><br>Harbans S. Grewal & Manjit K. Grewal<br>Plaintiffs,<br>v.<br>Santa Cruz County Bank & Does 1-10<br>Defendants. | Case No. 10-60800<br><br>Chapter 7<br><br>Adversary No. 11-05067<br><br>Memorandum of Points and Authorities in support of Motion for Partial Summary Judgment<br><br>Honorable Arthur S. Weissbrodt<br><br>Date: September 9, 2011<br>Time: 3.00 p.m.<br>Place: Courtroom 3020<br>       280 South First Street<br>       San Jose, Ca 95113-3099 |

## I. INTRODUCTION AND SUMMARY OF THE RELIEF SOUGHT

This adversary proceeding arises from the Defendant's willful violation of the automatic stay and conversion of property. Specifically, the Defendant used self-help and locked the Plaintiffs out of their business and despite repeated demand, refused to return their property. The conduct continues. With respect to violation of the automatic stay, summary judgment is particularly appropriate because the Defendant, a scheduled creditor, had actual knowledge of the bankruptcy. Further, Plaintiffs' counsel advised the Defendant in writing that its conduct violated the stay. Despite the bankruptcy and discharge, the Defendant maintains possession of the Plaintiffs' property. As to the conversion claim, the Plaintiffs have receipts demonstrating ownership of the significant items at issue. Thus, summary judgment with respect to

liability on both claims is appropriate. Likewise, the Plaintiffs seek possession of their property. Thereafter, the parties need only litigate the amount of damages and attorneys fees owed to the Plaintiffs

**II. STATEMENT OF FACT**

The Plaintiffs are Harbans and Manjit Grewal (collectively "Plaintiffs"). The Defendant is Santa Cruz County Bank.

On March 27, 2,000, Mr. Grewal purchased a service station located at 8385 Monterey Road in Gilroy ("Premises"). The bill of sale includes the following items.

> All of the assets of the above Business as previously agreed by the parties including any equipment, trade fixtures, trade name, leasehold interests, leasehold improvements, business records, goodwill, licenses, franchises, trade secret's, covenant's not to compete, resale supplies, and inventory accepted by Buyer. A list of the major assets may be attached hereto for further clarification ("Bill of Sale") (Grewal Dec., ¶3 & Ex. 1)

The "major assets" are described in a two paged, hand written addendum. Many of the items at issue are listed in the addendum.

The Plaintiffs operated a proprietorship known as Grewal Shell on the Premises for many years (Grewal Dec., ¶4). On May 21, 2003, the Plaintiffs bought equipment to test vehicle emission systems for $26,500.00 through a financed lease ("Lease") (Grewal Dec., ¶5, Ex. 2). The items included a CA Bar 97 Revised Smog System, cooling fan, and a dynamometer (dīnə'mämitər) (Grewal Dec., ¶6). The dynamometer is comprised of two large rollers allowing a vehicle to stay in one place while its wheels spin. It sits in a trench, so the rollers are level with the floor. In that way, a vehicle can be driven onto the rollers for the test. While the dynamometer sits in a trench, it is not in any way attached to the ground. (Grewal Dec., ¶8, Ex. 3-4).

Later, the Plaintiffs incorporated American Gas and Auto, Inc. ("American") and operated an automobile repair business on the Premises. The Plaintiffs did not contribute their personal property to the business (Grewal Dec., ¶9).

In 2007, the Plaintiffs sought a loan from the Defendant to refinance the loan used to acquire the Premises (Grewal Dec., ¶10). In conjunction with the application,

MEMORANDUM OF POINTS AND AUTHORITIES
2
Case: 11-05067   Doc# 32   Filed: 08/02/11   Entered: 08/02/11 15:18:47   Page 2 of 9

the Plaintiffs provided the Bill of Sale to the Defendant indicating their ownership of the equipment at issue (Grewal Dec., ¶11). On July 18, 2007, the Defendant issued a commitment letter (Grewal Dec., Ex. 5). With respect to collateral, the Defendant required a first deed of trust on the Premises and a security interest in American's personal property. While it required a personal guaranty from the Plaintiff, the Defendant did not require a security interest in his property.

The Plaintiffs defaulted on the loan, and the Defendant foreclosed on the Premises and American's assets (Grewal Dec., ¶13). Instead of filing an unlawful detainer proceeding, Deborah Crawford ("Crawford"), an officer of the Defendant locked the Plaintiffs out of the Premises (Grewal Dec., ¶14).

Thus, the Defendant converted the Plaintiffs' personal property stored on the Premises. These items include:

| No. | Item | Proof of Ownership |
| --- | --- | --- |
| 1. | CA Bar 97 Revised Smog System | Lease, Item 1 |
| 2. | Dynamometer (in ground) | Lease, Item 2 |
| 3. | Cooling Fan | Lease, Item 3 |
| 4. | Parts cleaner (blue box) | Bill of Sale, p. 2, col. 1, item 9 |
| 5. | Grinder | Bill of Sale, p. 1, col. 2, item 15 |
| 6. | Repair Manuals | Bill of Sale, p. 1, col. 1, item 4 |
| 7. | Engine Scope | Bill of Sale, p. 1, col. 2, item 1 |
| 8. | Grease Dispenser | Bill of Sale, p. 1, col. 2, item 13 |
| 9. | Oil drain tank | Bill of Sale, p. 2, col. 1, item 5 |
| 10. | Mop Bucket | Bill of Sale, p. 2, col. 1, item 13 |
| 11. | O-Rings & Quarter Pins | Bill of Sale, p. 2, col. 2, item 1 |
| 12. | Drain Pans (3) | Bill of Sale, p. 3, col. 2, item 6 |
| 13. | Oil Funnels | Bill of Sale, p. 3, col. 2, item 5 |
| 14. | Parts Cart | Bill of Sale, p. 1, col. 2, item 12 |
| 15. | Battery Water Container | Bill of Sale, p. 1, col. 2, item 10 |
| 16. | Desktop computer in the shop | Grewal Dec., ¶18 |
| 17. | BMW Engine on Rollers | Grewal Dec., ¶18 |
| 18. | BMW rims with old tires | Grewal Dec., ¶18 |

Campeau Goodsell Smith
A Law Corporation

| No. | Item | Proof of Ownership |
|---|---|---|
| 19. | Water cooler | Grewal Dec., ¶18 |
| 20. | Small refrigerator | Grewal Dec., ¶18 |
| 21. | Miscellaneous parts | Grewal Dec., ¶18 |
| 22. | Used black hoses & nozzles | Grewal Dec., ¶18 |
| 23. | ERC tester with kit | Grewal Dec., ¶18 |
| 24. | ERG Tool | Grewal Dec., ¶18 |

Through counsel, the Plaintiffs attempted to resolve the violation of state law, but Crawford terminated the conversation (Charles Dec., ¶2). On October 4, 2010, Counsel wrote to the Defendant and confirmed the conversation.

Dear Ms. Crawford:

I write to confirm the following facts regarding the unlawful actions of you and your employer.

1. After completing foreclosure of the property, you personally instructed a locksmith to change the locks on the premises;

2. You changed the locks prior to recording a deed;

3. You did not serve a three day notice to vacate the premises as required by Cal. Code Civ. Pro. § 1161a;

4. You did not file an unlawful detainer proceeding and instead used self-help to gain access to the premises;

5. When you forcibly entered the premises; you found personal property demonstrating that the premises were occupied.

6. I called you last Friday and specifically advised that you and your client violated the law by changing the locks;

7. You called me back today, and I specifically asked whether your employer filed an unlawful detainer to obtain possession of the premises;

8. You refused to answer; and

9. When I pressed the issue, you hung up on me. (Charles Dec., ¶3, Ex. 1).

In the correspondence, Counsel also demanded return of the Plaintiffs' property and items belonging to a former American employee named Roberto Martinez. Crawford allowed Mr. Martinez to retrieve his items and noted the property released on a copy of the October 4, correspondence (Charles Dec., ¶4 , Ex. 2).

Thereafter, Mr. Grewal tried to retrieve his property, but Crawford presented a "Waiver of Liability and Hold Harmless Agreement" ("Agreement") to Mr. Grewal (Grewal Dec., ¶19, Ex. 6). The Agreement falsely states that Plaintiffs "abandoned" their property on the Premises and contains a covenant not to sue. Mr. Grewal refused to sign the Agreement, and Crawford kept the property (Grewal Dec., ¶20).

Plaintiffs' counsel documented this fact in correspondence dated October 12, 2010.

> My client still does not have his property and is leaving the country for one month tomorrow. Your client is conditioning release of the items on dropping a nonexistent lawsuit and signing a release. I reiterate my offer. Today, the bank can immediately turn over the property listed in my prior correspondence to Mr. Grewal and Roberto Garcia
>
> Alternatively, my client will give the bank a full release provided it releases the previously mentioned items as well as these: (1) Grinder; (2) Smog machine; (3) Personal clothing; (4) Books; and (5) desktop computer located in the shop (Charles Dec., ¶ 5, Ex. 3).

The Defendant's counsel responded to the demand on the same day and advised that the Plaintiffs could retrieve their property.

> While the bank has no duty to return the items in the attachment, and has always acted properly, the bank is willing to return those items to Mr. Grewal. Mr. Grewal should deal with Ms. Crawford directly to coordinate a time to retrieve these items. He has her contact information already (Charles Dec., Ex. 4).

The Defendant, however, acted improperly and had a duty to return the property.

The Plaintiffs filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 18, 2010. The Defendant is scheduled as an unsecured creditor being owed $847,471.00. On Schedule B, Line 29, the Plaintiffs listed the following personal property, "Automotive equipment including wheel balancer and smog machine." In the underlying bankruptcy, the Defendant did not claim secured status. The Plaintiffs claimed exemptions pursuant to Cal. Code Civ. Pro. §§ 703.140(b)(6) and 703.140(b). The Defendant did not challenge the exemptions (Grewal Dec. ¶22).

The Defendant had actual knowledge of the bankruptcy. In addition to the schedules, Counsel specifically advised the Defendant of the bankruptcy in

correspondence dated December 10, 2011.

> First, I would like to remind you that your actions are in violation of the automatic stay and if this conduct continues we will be forced to file a motion in the bankruptcy court for contempt of court.
>
> The personal property that Mr. Grewal is attempting to collect was properly listed on his bankruptcy schedules and belongs to him. The property has been abandoned by the Chapter 7 trustee in this case and has been returned to Mr. Grewal (Charles Dec., Ex. 6).

In response to this post petition demand, the Defendant claimed that it owned the dynamometer and conditioned return of other property upon proof of ownership. Their counsel wrote.

> Before proceeding any further, please have Mr. Grewal provide whatever evidence he has that the items claimed in his most recent enumeration of claimed items are actually owned by him. With respect to the smog machine, the bank continues to assert that same either now owned by the bank by reason of the bank's foreclosure of its UCC lien or same is a fixture and was thus foreclosed by the bank's real property filing, or Mr. Grewal has defrauded the bank by providing materials to the bank to establish assets in a controlled corporate debtor prior to the bank's August 2007 loan, when he secretly claimed such assets as his own (Charles Dec., ¶ 8, Ex. 5).

Notably, the Defendant did not assert ownership of the items in the bankruptcy (Grewal Dec. ¶22). As to allegations of fraud, the Grewals received a discharge on January 19, 2011 (Grewal Dec. ¶23). Further, the Plaintiffs provided the Bill of Sale to the Defendant in conjunction with the Loan that clearly demonstrates the Plaintiffs' ownership of the equipment (Grewal Dec., ¶11).

### III. ARGUMENT

#### A. STANDARD APPLICABLE TO THIS MOTION.

A motion for summary judgment should be granted if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(c). The moving party bears the initial burden of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its initial burden, the burden shifts to the nonmoving party to present

MEMORANDUM OF POINTS AND AUTHORITIES
6

specific facts showing that there is a genuine issue of material fact for trial. Rule 56(e); *Celotex* at 324.

### B. THE PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON THEIR CLAIM FOR VIOLATION OF 11 USC §362.

"An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. Sec. 362(h). A "willful violation" does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions that violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded. P*inkstaff v. United States (In re Pinkstaff)*, 974 F.2d 113, 115 (9th Cir.1992) (quoting *Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 227 (9th Cir.1989).

The Ninth Circuit also requires affirmative compliance. In *State of California Employment Development Department v. Taxel (In re Del Mission Ltd.)*, 98 F.3d 1147, 1151-52 (9th Cir. 1996), the court explained, "The onus to return estate property is placed upon the possessor; it does not fall on the debtor to pursue the possessor." *Id.* at 1151. Similarly, in *Knupfer v. Lindblade (In re Dyer)* 322 F.3d 1178, 1191-92 (9th Cir. 2003), the court held that a post-petition recordation of a deed of trust constituted a willful violation because the creditor "had an affirmative duty to remedy his automatic stay violation . . . such as by attempting to undo the recordation process."

Here, the undisputed facts establish a willful violation of the automatic stay.

1. Defendant took possession of Plaintiffs' property.
2. Defendant hired bankruptcy counsel before the petition date (Charles Dec., ¶¶ 5-6, Ex. 4).
3. Defendant had actual knowledge of the bankruptcy (Charles, Ex. 6).
4. Plaintiffs are suffering damages (Grewal Dec., ¶24).

MEMORANDUM OF POINTS AND AUTHORITIES
7
Case: 11-05067   Doc# 32   Filed: 08/02/11   Entered: 08/02/11 15:18:47   Page 7 of 9

Consequently, the Plaintiffs are entitled to judgment as to liability on this claim.

### C. THE PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON THEIR CLAIM FOR CONVERSION.

"'Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion are the Plaintiff's ownership or right to possession of the property at the time of the conversion; the Defendant's conversion by a wrongful act or disposition of property rights; and damages.'" *Farmers Ins. Exchange v. Zerin* (1997) 53 Cal.App.4th 445, 451-452. "Conversion is a strict liability tort. The foundation of the action rests neither in the knowledge nor the intent of the Defendant. Instead, the tort consists in the breach of an absolute duty; the act of conversion itself is tortious. Therefore, questions of the defendant's good faith, lack of knowledge, and motive are ordinarily immaterial." *Burlesci v. Petersen* (1998) 68 Cal.App.4th 1062, 1066 (internal citations omitted). Here, the Bill of Sale and Lease prove ownership of the significant items at issue, and Mr. Grewal's testimony establishes ownership of the others. In this regard, there are no disputed issues of material fact.

After entering the Premises without obtaining a judgment of possession, the Defendant changed the locks and converted the property. *Plummer v. Day/Eisenberg, LLP* (2010) 184 Cal.App.4th 38, 50 ("[A]ny act of dominion wrongfully exerted over the personal property of another inconsistent with the owner's rights thereto constitutes conversion."). Given the Defendant's refusal to return the items, judgment is appropriate as to liability on this claim.

### D. THE PLAINTIFFS ARE ENTITLED TO RESTORATION OF THE PROPERTY.

In this matter, the complaint demands restoration of the property. Therefore, the Court should enter judgment restoring possession of the property. Cal. Code Civ. Pro. § 667.

### IV. REMAINING ISSUES TO BE LITIGATED.

If the Court grants the instant motion, two issues remain. Initially, the Plaintiffs may recover use value of the property ("[I]f the property consists of

machinery, automobiles or something else with a readily provable use or rental value, the Plaintiff may recover the value of the use from the time of taking to the time he regains possession." 6 Witkin, Summary of Cal. Law (9th ed.1988) § 1457, p. 931). In this regard, Mr. Grewal is operating an auto repair business but is unable to perform many services without the equipment (Grewal Dec. ¶24). Finally, the Plaintiffs will seek attorney's fees for violation of the automatic stay.

## V. CONCLUSION

Given these considerations, the motion should be granted.

Dated: August 2, 2011
CAMPEAU GOODSELL SMITH
A Law Corporation


By: /s/Gregory J. Charles
Gregory Charles
Attorneys for the Plaintiff