GREGORY CHARLES, ESQ., BAR NO. 208583
CAMPEAU GOODSELL SMITH
440 North First Street, Ste. 100
San Jose, California 95112
Telephone: 408.295.9555
Facsimile: 408.852.0233
gcharles@campeaulaw.com

Counsel for plaintiffs

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br><br>HARBANS S. GREWAL & MANJIT K. GREWAL<br><br>DEBTORS. | Case No. 10-60800<br><br>Chapter 7<br><br>Adversary No. 11-05067 |
| HARBANS S. GREWAL & MANJIT K. GREWAL<br><br>PLAINTIFFS,<br><br>V.<br><br>SANTA CRUZ COUNTY BANK & DOES 1-10<br><br>DEFENDANTS. | DECLARATION OF GREGORY CHARLES. ESQ.. IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.<br><br>HONORABLE ARTHUR S. WEISSBRODT<br><br>DATE: SEPTEMBER 9, 2011<br>TIME: 3.00 P.M.<br>PLACE: COURTROOM 3020 |

I, Gregory J. Charles, declare and say:

1. I am an attorney at law duly licensed to practice before the courts of the State of California. I am a partner in the law firm of Campeau Goodsell Smith which is counsel for the party identified above. This declaration is made on my personal knowledge. If called as a witness, I would and could competently testify as follows.

2. After the defendant changed the locks, I attempted to resolve the situation by contacting Deborah Crawford, but she terminated the conversation.

3. On October 4, 2010, I wrote to the Defendant and confirmed the conversation. A copy is attached as Exhibit 1.

Declaration

4. I also demanded the return of property belonging to a former American employee named Roberto Martinez. Crawford allowed Mr. Martinez to retrieve his items and noted the property released on a copy of the October 4, correspondence. A copy is attached as Exhibit 2.

5. Thereafter, Harbans Grewal appeared at the Premises to retrieve his property. At that time, Crawford presented a "Waiver of Liability and Hold Harmless Agreement" ("Agreement") to Mr. Grewal. When Mr. Grewal refused to sign the Agreement, Crawford refused to release the Plaintiffs' property. I documented this fact in correspondence dated October 12, 2010. A copy is attached as Exhibit 3.

6. The Defendant's counsel responded to the demand on the same day and advised that the Plaintiffs could retrieve their property. A copy is attached as Exhibit 4.

7. The Defendant had actual knowledge of the bankruptcy. Our office specifically advised the Defendant of the pendency of the bankruptcy in correspondence dated December 10, 2011. A copy is attached as Exhibit 6.

8. In response to this post petition demand, the Defendant claimed that it owned the dynamometer and conditioned return of other property upon proof of ownership. A copy is attached as Exhibit 5.

9. In San Jose, CA, I declare under penalty of perjury that the foregoing is true.

Dated August 1, 2011.        ___/s/Gregory J. Charles_____

# Exhibit 1

LAW OFFICES

# CAMPEAU GOODSELL SMITH
A LAW CORPORATION
440 NORTH 1ST STREET, SUITE. 100
SAN JOSE, CALIFORNIA 95112
TELEPHONE: 408-295-9555
FACSIMILE: 408-852-0233

Gregory Charles
gcharles@campeaulaw.com

October 4, 2010

Debra Crawford                                    Via facsimile
Santa Cruz County Bank                            831 457- 5001
720 Front St
Santa Cruz, CA 95060-
4509


Dear Ms. Crawford:

I write to confirm the following facts regarding the unlawful actions of you and your employer.

1. After completing foreclosure of the property, you personally instructed a locksmith to change the locks on the premises;

2. You changed the locks prior to recording a deed;

3. You did not serve a three day notice to vacate the premises as required by Cal. Code Civ. Pro. § 1161a;

4. You did not file an unlawful detainer proceeding and instead used self-help to gain access to the premises;

5. When you forcibly entered the premises; you found personal property demonstrating that the premises were occupied.

6. I called you last Friday and specifically advised that you and your client violated the law by changing the locks;

7. You called me back today, and I specifically asked whether your employer filed an unlawful detainer to obtain possession of the premises;

8. You refused to answer; and

9. When I pressed the issue, you hung up on me.

Each of these facts occurred as represented in this correspondence.

I hereby document in writing what I verbally told you and mentioned on the message. In California, a real property owner cannot use self help. Rather, it must use the courts. A recent case demonstrates this fact.

As the California Supreme has said: "Both before and after the enactment of the present forcible entry and detainer statutes this court held that ownership or right of possession to the property was not a defense to an action for forcible entry." (*Jordan v. Talbot* (1961) 55 Cal.2d 597, 603, 12 Cal.Rptr. 488, 361 P.2d 20, fn. omitted.) Witkin explains: "A tenant holding over without permission is technically a trespasser. But by statute the owner must use the unlawful detainer procedure, and, if the owner ousts the tenant forcibly, the tenant may regain possession by an action for forcible entry." (5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, § 421, p. 636.) Landlords thus may enforce their rights "only by judicial process, not by self-help." ( *Jordan v. Talbot*, at p. 604, 12 Cal.Rptr. 488, 361 P.2d 20.) "Regardless of who has the right to possession, orderly procedure and preservation of the peace require that the actual possession shall not be disturbed except by legal process." ( *Id.* at p. 605, 12 Cal.Rptr. 488, 361 P.2d 20; see also, e.g., Daluiso v. Boone (1969) 71 Cal.2d 484, 493, 78 Cal.Rptr. 707, 455 P.2d 811 [these statutes are "intended to discourage self-help in the settlement of disputes over possession of land and to encourage resort to the courts in all such matters"].)

Conduct such as that alleged here could support recovery under the forcible entry statute. As the California Supreme Court said in *Jordan*: "Section 1159, subdivision 1, prohibits an entry by means of breaking open doors or windows. Defendant violated this section when he unlocked plaintiff's apartment without her consent and entered with the storage company employees to remove her furniture, even though there was no physical damage to the premises or actual violence." ( *Jordan v. Talbot, supra*, 55 Cal.2d at p. 605, 12 Cal.Rptr. 488, 361 P.2d 20.) *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal.App.4th 1004, 1038-1039, 90 Cal.Rptr.3d 453, 480 - 481 (Cal.App. 6 Dist.,2009)

Thus, you and your employer committed an intentional tort when you used a locksmith to force the locks and deprive my client of possession of the premises. You also have actual knowledge of your unlawful actions.

I also advised that my client have personal property on the premises. You denied that fact and claimed all the property was subject to a UCC security interest. Even if the property belonged to the company, you exercised self-help with respect to these items and committed conversion.

In fact, however, following property does not belong to the corporation:

1.      1993 Gold BMW 740il;

2.      Bmw engine on rollers;

3.      BMW rims with old tires;

4.      MBZ rims with old tires;

5.      Water cooler;

6.      Small refrigerator;

7.      Blue air hose;

8.      Black box grey lid some tools inside;

9.      Cardboard box some tools inside

10.     Grey box holding Air condition hoses, gauges, and jumper cables;

11.     Plastic bag with clothes;

12.     Floor jack and jack stands;

13.     Motorcycle and parts;

14.     Funnels;

15.     Two radios;

16.     Green tool box with electrical parts;

17.     Red craftsman creeper;

18.     Fluid evacuation pump'

19.    Long arm glow auto opening tool;

20.    Grey box soldering gun kit;

21.    Acetylene welding and cutting torch kit;

22.    Black oil drain pan;

23.    Multipurpose drain pan;

24.    Bazooka speaker;

25.    Military metal box tools inside;

26.    Two work lights;

27.    Yellow ext. cord;

28.    Snap on box with shoes;

29.    Plastic bag with Transmission oil;

30.    Craftsman blower;

31.    Napa cardboard box pullers inside;

32.    UPS box car computer inside;

33.    Plastic and glass jars; and

34.    Little vise red color

Unless you confirm in writing by the close of business tomorrow that these items are available at my clients' convenience, the next communication to you and your employer will be a complaint alleging trespass, forcible entry, trespass to chattels, and conversion and seeking actual, treble, and punitive damages as well as costs and attorney's fees.

Very truly yours,

Campeau Goodsell Smith,
A Law Corporation

By
Gregory J. Charles

# Exhibit 2

Ms. Debra Crawford                                                      Page 3
10/4/2010

Thus, you and your employer committed an intentional tort when you used a locksmith to force the locks and deprive my client of possession of the premises. You also have actual knowledge of your unlawful actions.

I also advised that my client have personal property on the premises. You denied that fact and claimed all the property was subject to a UCC security interest. Even if the property belonged to the company, you exercised self-help with respect to these items and committed conversion.

In fact, however, following property does not belong to the corporation:

1.  1993 Gold BMW 740il;  ✓

2.  Bmw engine on rollers;

3.  BMW rims with old tires;

4.  MBZ rims with old tires;

5.  Water cooler;

6.  Small refrigerator;

RMG   7.  Blue air hose; — *Roberto* ✳

8.  Black box grey lid some tools inside;  ?   ✳

9.  Cardboard box some tools inside  ?   ✳

RMG   10.  Grey box holding Air condition hoses, gauges, and jumper cables;  *Roberto*

RMG   11.  Plastic bag with clothes; — *Roberto*

12.  Floor jack and jack stands;  ▱

RMG   13.  Motorcycle and parts;  ? *Roberto*

RMG   14.  Funnels;  ✓ -1- Funnel *Roberto*

15.  Two radios;

RMG   16.  Green tool box with electrical parts;  ✳ *Roberto*

RMG   17.  Red craftsman creeper;  *Roberto*

RMG   18.  Fluid evacuation pump'  ? *Roberto*

408-506-7500

RMG

Ms. Debra Crawford  -1- Joe Blow Pro Air pump (for Bicycles) - Roberto
10/4/2010                                                                    Page 4

RMG  19.  Long arm glow auto opening tool;  *  Roberto

RMG  20.  Grey box soldering gun kit;  *  Roberto

RMG  21.  Acetylene welding and cutting torch kit;  ☑  Roberto

RMG  22.  Black oil drain pan;  ✓  Roberto

RMG  23.  Multipurpose drain pan;  ✓  Roberto

24.  Bazooka speaker;  ✓

25.  Military metal box tools inside;  ☑

26.  Two work lights;  ✓

27.  Yellow ext. cord;  ✓

28.  Snap on box with shoes;  ☑

29.  Plastic bag with Transmission oil;  *

RMG  30.  Craftsman blower;  ✓  Roberto

31.  Napa cardboard box pullers inside;  *

32.  UPS box car computer inside;  ☑

33.  Plastic and glass jars; and  ✓

RMG  34.  Little vise red color  *  Roberto

Unless you confirm in writing by the close of business tomorrow that these items
are available at my clients' convenience, the next communication to you and your
employer will be a complaint alleging trespass, forcible entry, trespass to chattels,
and conversion and seeking actual, treble, and punitive damages as well as costs
and attorney's fees.

Very truly yours,

CAMPEAU GOODSELL SMITH,
A Law Corporation

By _____
Gregory J. Charles

Roberto Martinez HAS CLAIMED
AND TAKEN THE ITEMS ON LIST
AS INDICATED AND WHERE INITIALLED

10-8-2010

# Exhibit 3

LAW OFFICES

# CAMPEAU GOODSELL SMITH
A LAW CORPORATION
440 NORTH 1ST STREET, SUITE. 100
SAN JOSE, CALIFORNIA 95112
TELEPHONE: 408-295-9555
FACSIMILE: 408-852-0233

Gregory Charles
gcharles@campeaulaw.com

October 12, 2010

William Thomas Lewis, Esq.       Via email
Law Offices of Robertson & Lewis     wtl@roblewlaw.com
150 Almaden Blvd. #950
San Jose, CA 95113

Re: Herb Grewell

Dear Tom:

My client still does not have his property and is leaving the country for one month tomorrow. Your client is conditioning release of the items on dropping a non-existent lawsuit and signing a release. I reiterate my offer. Today, the bank can immediately turn over the property listed in my prior correspondence to Mr. Grewell and Roberto Garcia

Alternatively, my client will give the bank a full release provided it releases the previously mentioned items as well as these: (1) Grinder; (2) Smog machine; (3) Personal clothing; (4) Books; and (5) desktop computer located in the shop.

Mr. Garcia is authorized to pick up Mr. Grewell's property. If the bank is unwilling to release the property, Mr. Grewell will bring suit for conversion as well as other intentional torts when he returns. Please call me if you have any questions.

Very truly yours,

CAMPEAU GOODSELL SMITH,
A Law Corporation

By: _____

Gregory J. Charles

# Exhibit 4

From: Tom Lewis [mailto:wtl@roblewlaw.com]
Sent: Tuesday, October 12, 2010 11:44 AM
To: 'Greg Charles'
Subject: RE: Herb Grewell

Greg:

This is what I understand the situation to be:

Ms. Debra Crawford from the bank was at the gas station last Friday morning and telephoned Mr. Grewell at approx. 9 am. She asked him if he wanted to come meet her to get the vehicles. Mr. Grewell advised Ms. Crawford that he was too busy and that he lived 1 hour away. Mr. Grewell asked Ms. Crawford to meet him on the weekend, which she was unable to do.

Mr. Grewell verbally gave Ms. Crawford permission to release some of the items on the initial personal property list to a former employee, Roberto Martinez. Mr. Martinez explained that some of the items were his personal property and Mr. Grewell confirmed this. See attached list.

Mr. Grewell requested Ms. Crawford release all other items to Mr. Martinez. However, Mr. Martinez did not have the ability to afford a tow truck or to singly lift an entire car motor.

While the bank has no duty to return the items in the attachment, and has always acted properly, the bank is willing to return those items to Mr. Grewell. Mr. Grewell should deal with Ms. Crawford directly to coordinate a time to retrieve these items. He has her contact information already.

If you have any questions concerning the foregoing, please do not hesitate to contact me.

Regards,

Wm. Thomas Lewis, Esq.
Robertson & Lewis
Park Center Plaza
150 Almaden Boulevard, Suite 950
San Jose , CA 95113
Tel.: (408) 294-3600
Fax: (408) 294-6046
E-Mail: WTL@RobLewLaw.com

This e-mail is not intended to be the signature of the sender for purposes of binding the sender or Robertson & Lewis , or any client of the sender or the firm, to any contract or agreement under the Uniform Electronic Transactions Act, the Global and National Commerce Act, or any similar law, unless a specific statement to the contrary is included in the message. The information in this electronic mail is intended for the named recipients only. It may contain privileged and confidential matter. Pursuant to Treasury Regulations, any tax advice contained in this communication (including any attachments) is not intended to be used for the purpose of avoiding penalties under the Internal Revenue Code.

# Exhibit 5

From: Tom Lewis [mailto:wtl@roblewlaw.com]
Sent: Thursday, January 27, 2011 1:09 PM
To: ksilva@campeaulaw.com
Subject: Santa Cruz County Bank/Grewal

Kari:

The bank has received yet again a new and different set of assets claimed to be owned by Mr. Grewal.

The bank notes that now missing from your most recent list are the following items, which were previously claimed by Mr. Grewal:

1.      1993 Gold BMW 740i1;

2.      Cardboard box some tools inside;

3.      Two radios;

4.      Bazooka speaker;

5.      Military metal box tools inside;

6.      Two work lights; and

7.      Snap on box with shoes.

Additionally, Mr. Grewal now also claims a box of blue shop towels, which were not previously claimed.

Before proceeding any further, please have Mr. Grewal provide whatever evidence he has that the items claimed in his most recent enumeration of claimed items are actually owned by him.

With respect to the smog machine, the bank continues to assert that same either now owned by the bank by reason of the bank's foreclosure of its UCC lien or same is a fixture and was thus foreclosed by the bank's real property filing, or Mr. Grewal has defrauded the bank by providing materials to the bank to establish assets in a controlled corporate debtor prior to the bank's August 2007 loan, when he secretly claimed such assets as his own.

Additionally, with respect to the black hoses @ nozzles (on shelf), those hoses are part of the exterior gas pumps and are likewise either now owned by the bank by reason of the bank's foreclosure of its UCC lien or same is a fixture and was thus foreclosed by the bank's real property filing.

Thus, absent presentation of some evidence of ownership in any of the items claimed by Mr. Grewal, the bank must decline your request to surrender same to Mr. Grewal and, in any event, declines his claims with respect to the smog machine and the black hoses, because same were foreclosed by the bank and are bank property.

If you have any questions concerning the foregoing, please do not hesitate to contact me.

Regards,

Wm. Thomas Lewis, Esq.
Robertson & Lewis
Park Center Plaza
150 Almaden Boulevard, Suite 950
San Jose , CA 95113
Tel.: (408) 294-3600
Fax: (408) 294-6046
E-Mail: WTL@RobLewLaw.com

# Exhibit 6

LAW OFFICES

# CAMPEAU GOODSELL SMITH

SCOTT L. GOODSELL
GREGORY J. CHARLES
WILLIAM J. HEALY
KARI L. SILVA

A LAW CORPORATION
440 N. 1ST STREET, SUITE 100
SAN JOSE, CALIFORNIA 95112-4024
TELEPHONE: (408) 295-9555
FACSIMILE: (408) 295-6606

KENNETH J. CAMPEAU
OF COUNSEL

December 16, 2010

Debra Crawford, AVP
Santa Cruz Bank
720 Front St.
Santa Cruz, CA 95060

Re:     **8385 Monterey Rd., Gilroy, CA; In Re Grewal- Chapter 7
        Bankruptcy filing 10-60800**

Dear Ms. Crawford:

I have recently been informed by my client, Herb Grewal that you have again refused to allow him access to his personal belonging that are currently stored at the address stated above.

First, I would like to remind you that your actions are in violation of the automatic stay and if this conduct continues we will be forced to file a motion in the bankrutpcy court for contempt of court.

The personal property that Mr. Grewal is attempting to collect was properly listed on his bankruptcy schedules and belongs to him. The property has been abandoned by the Chapter 7 trustee in this case and has been returned to Mr. Grewal.

In relevant part the bankruptcy schedules listed these assets:

```
Automotive equipment including wheel balancer and smog machine.
```

On November 25, 2010 the trustee filed a notice of no assets and returned all assets to Mr. Grewal and his wife. The report as filed states:

```
Chapter 7 Trustee's Report of No Distribution: I, Mohamed Poonja,
having been appointed trustee of the estate of the above-named
debtor(s), report that I have neither received any property nor
paid any money on account of this estate; that I have made a
diligent inquiry into the financial affairs of the debtor(s) and
the location of the property belonging to the; and that
```

```
there is no property available for distribution from the estate
over and above that exempted by law. Pursuant to Fed R Bank P
5009, I hereby certify that the estate of the above-named
debtor(s) has been fully administered. I request that I be
discharged from any further duties as trustee. Key information
about this case as reported in schedules filed by the debtor(s)
or otherwise found in the case record: This case was pending for
1 months. Assets Abandoned (without deducting any secured
claims): $ 29739.00, Assets Exempt: Not Available, Claims
Scheduled: $ 1604130.00, Claims Asserted: Not Applicable, Claims
scheduled to be discharged without payment (without deducting the
value of collateral or debts excepted from discharge): $
1604130.00. Meeting of Creditors Held. (Poonja, Mohamed)
(Entered: 11/25/2010)
```

Based on the bankruptcy filing, all assets that you are keeping against Mr. Grewal's will is a violation of the automatic stay.

Also, any attempt to require repair to the subject property prior to releasing Mr. Grewal's items is also in violation of the automatic stay and clearly an attempt to collect on a pre-petition debt. Mr. Grewal has filed for bankruptcy protection and a Chapter 7 discharges all debts or obligaitons that were incurred prior to filing the bankruptcy petition. Any creditor who attempts to collect on a debt is in violation of the automatic stay and is in contempt of the bankrutpcy court and Federal Law.

As stated above, if you do not immediately allow Mr. Grewal access to all his property/possessions we will file a motion for violation of the automatic stay and seek sanctions for your conduct.

As previously discussed, Mr. Grewal has agreed to pick up all assets at one time. To the extent that you want Mr. Grewal to sign any documentation to pick-up his property the release will be provided to our office prior to the arranged time for pick-up. He will not sign any further documents if not already provided in advance. I have also included additionl specific items that was not previously listed.

I will be out of the office through December 27, 2010, but please contact me after that date to arrange the specifics on how Mr. Grewal's property will be returned to him.

Sincerely,

Kari L. Silva
Campeau Goodsell Smith

*Enclosures*: *Property List*

Advertising and Property List

1. Smog Machine accessories

   a) Dynometer(in ground)

   b) Evap machine next to smog machine

   c) Big cooling Fan

2. misc .used parts

3. Parts cleaner(blue box)

4. Used black hoses @ nozzles(on shelf)