GREGORY CHARLES, ESQ., BAR NO. 208583
CAMPEAU GOODSELL SMITH
440 North First Street, Ste. 100
San Jose, California 95112
Telephone: 408.295.9555
Facsimile: 408.852.0233
gcharles@campeaulaw.com

Counsel for plaintiffs

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE:

HARBANS S. GREWAL & MANJIT K. GREWAL

DEBTORS.

HARBANS S. GREWAL & MANJIT K. GREWAL

PLAINTIFFS,

V.

SANTA CRUZ COUNTY BANK & DOES 1-10

DEFENDANTS.

Case No. 10-60800

Chapter 7

Adversary No. 11-05067

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

**HONORABLE ARTHUR S. WEISSBRODT**

**DATE: SEPTEMBER 23, 2011**
**TIME: 3.00 P.M.**
**PLACE: COURTROOM 3020**
**280 SOUTH FIRST STREET**
**SAN JOSE, CA 95113-3099**

## I. INTRODUCTION

In support of their Motion for Summary Judgment, the plaintiffs offered substantial evidence regarding ownership of the items at issue in this proceeding, including receipts. In response, the defendant offers no evidence regarding title to the property and conjectures that the plaintiffs' corporation may have owned some of the items. The corporate tax schedules submitted by the defendant in opposition to this motion, however, do not list the items at issue in this matter and therefore confirm the plaintiffs' ownership.

The defendant concedes that it changed the locks on the premises depriving

Campeau Goodsell Smith
A Law Corporation



Case: 11-05067 Doc# 42 Filed: 09/16/11 Entered: 09/16/11 16:07:24 Page 1 of 9

plaintiffs possession of their property. Thus, summary judgment is appropriate on the conversion claim. Moreover, the defendant concedes actual knowledge of the bankruptcy and refusal to return the property despite post-petition demand. Thus, the defendant willfully violated the automatic stay, and judgment as to liability on this issue is appropriate.

## II. AGRUMENT

### A. THE PLAINTIFFS HAVE STANDING.

Initially, the defendant states, "claims for violation of the automatic stay are governed by Section 362 of the Code and turnover actions are controlled by Section 542," and then concludes, "The courts have repeatedly held that right to bring a turnover action resides with the trustee or a debtor in possession" (pp. 1-2). This matter does not include a turnover claim. The complaint asserts violations of the automatic stay and a state law claim for conversion. Thus, the defendant's substantial analysis of § 542 is completely irrelevant.

The defendant then cites non-controlling authority and concludes that the Trustee is the only party with standing to assert a violation of § 362. The argument is plainly false. *In re Dawson*, 390 F. 3d 1139. 1146 (9th Cir. 2004) holds.

> Congress chose the term "individual" to describe those who are eligible to claim actual damages under § 362(h). The statute allows any "individual," including a creditor, to recover damages. So, for example, if a willful violation of the automatic stay damages some portion of the bankruptcy estate, both the debtor and an individual creditor of the now less-valuable estate may recover actual damages. See *Johnston Envtl. Corp. v. Knight* (*In re Goodman*), 991 F.2d 613, 618 (9th Cir.1993)

In fact, the Trustee does not have standing to assert a claim under § 362(h). If there were any doubt *In re Pinkstaff*, 974 F. 2d 113, 115 (9th Cir. 1992) plainly holds, "A debtor injured by a creditor's willful violation of a stay is entitled to recover his actual damages, including costs and attorney's fees, resulting from that violation."

\\

\\

\\

Campeau Goodsell Smith
A Law Corporation



Case: 11-05067 Doc# 42 Filed: 09/15/11 Entered: 09/15/11 16:07:24 Page 2 of 9

### B. THE DEFENDANT WAS REQUIRED TO RETURN THE PROPERTY ON THE PETITION DATE.

The defendant continues its irrelevant analysis of § 542 and concludes.

> Even if Plaintiff has standing to assert a turnover claim under Section 542, Defendant has no duty to turnover such assets and Defendants failure to surrender same cannot constitute a stay violation, unless and until Plaintiff demonstrates the following: (1) The property sought is in the possession, custody or control of a third party; (2) the property constitutes property of the estate; (3) the property is of a type that the trustee could use, sell or lease pursuant to Section 363 or that the debtor could exempt under section 522; and (4) the property is not of inconsequential value or benefit to the estate (p. 4).

The moving papers, however, correctly state that § 362 provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions that violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded. *Pinkstaff v. United States (In re Pinkstaff)*, 974 F.2d 113, 115 (9th Cir.1992).

Further, the defendant simply ignores the holding of *State of California v. Employment Development Department v. Taxel (In re Del Mission Ltd.)*, 98 F.3d 1147, 1151-52 (9th Cir. 1996) that is cited in the moving papers.

> We now adopt the reasoning of *Abrams* and *Chugach,* and hold that the knowing retention of estate property violates the automatic stay of § 362(a)(3).
>
> 11 U.S.C. § 542(a) provides that an entity in possession of estate property "shall" deliver such property to the trustee. This is a mandatory duty arising upon the filing of the bankruptcy petition.

Given these considerations, the defendant's entire argument is irrelevant, and its admitted post-petition retention of the property violated the automatic stay.

### C. THE DEFENDANT ACTED WILLFULLY

In response to the motion, the defendant claims that it never saw a bill of sale until the Motion for Summary Judgment was filed (Chandler Dec. ¶ 8). The argument is irrelevant, so the defendant has not created a disputed issue of fact.

\\



Case: 11-05067 Doc# 42 Filed: 09/16/11 Entered: 09/16/11 16:07:24 Page 3 of 9

The defendant concedes receipt of the correspondence dated October 4, 2010 stating.

Dear Ms. Crawford:

I write to confirm the following facts regarding the unlawful actions of you and your employer.

1. After completing foreclosure of the property, you personally instructed a locksmith to change the locks on the premises;

2. You changed the locks prior to recording a deed;

3. You did not serve a three-day notice to vacate the premises as required by Cal. Code Civ. Pro. § 1161a;

4. You did not file an unlawful detainer proceeding and instead used self- help to gain access to the premises;

5. When you forcibly entered the premises; you found personal property demonstrating that the premises were occupied;

6. I called you last Friday and specifically advised that you and your client violated the law by changing the locks;

7. You called me back today, and I specifically asked whether your employer filed an unlawful detainer to obtain possession of the premises;

8. You refused to answer; and

9.When I pressed the issue, you hung up on me. (Charles Dec., ¶3, Ex. 1).

The correspondence lists the plaintiffs' property at issue in this litigation.

The defendant does not dispute receiving the other communications regarding the property submitted in support of the motion including correspondence specifically stating that the defendant violated the stay. Further, the defendant does not dispute and therefore concedes the following facts.

1. The defendant had actual acknowledge of the bankruptcy filed on October 18, 2010.
2. The defendant is scheduled as an unsecured creditor being owed $847,471.00.
3. On Schedule B, Line 29, the plaintiffs listed the following personal property, "Automotive equipment including wheel balancer and smog machine."

Campeau Goodsell Smith
A Law Corporation



Case: 11-05067 Doc# 42 Filed: 09/16/11 Entered: 09/16/11 16:07:24 Page 4 of 9

4. In the underlying bankruptcy, the defendant did not claim secured status. The Plaintiffs claimed exemptions pursuant to Cal. Code Civ. Pro. §§ 703.140(b)(6) and 703.140(b).

Finally, as demonstrated in support of the motion for a preliminary injunction, the defendant locked the plaintiffs out of the premises where they kept their business records. After much effort, they were able to locate a copy of the receipt for the sale of the business. Thus, the defendant cannot complain when it committed a forcible detainer.

### D. THE PLAINTIFFS ARE ENTITLED TO JUDGMENT ON THE CONVERSION CLAIM.

In support of the motion, the plaintiffs offer overwhelming evidence that they own the property at issue. In response, the defendant states, "Other than the mere use of the word 'conversion' in the motion, Plaintiff has not supplied any evidence of conversion." While the plaintiffs' schedules describe the items at issue and they produced the actual receipts for the smog machine, dynamometer, and business, the defendant simply argues that the items were not included in the financial statement submitted to the bank. The financial statement, however, is substantially incomplete.

For example, the liabilities section is completely blank. While the items that are the subject of the complaint are not listed, neither are any other items of personal property. Consequently, the defendant certainly neither requested nor required a comprehensive statement of assets and liabilities. More importantly, the defendant has not offered any evidence disputing Mr. Grewal's declaration regarding ownership of the items converted by the defendant.

The defendant then mistakenly argues that this matter is a "quiet title" action because it still possesses the items. As noted in the moving papers, however, "any act of dominion wrongfully exerted over the personal property of another inconsistent with the owner's rights thereto constitutes conversion." *Plummer v. Day/Eisenberg, LLP* (2010) 184 Cal.App.4th 38, 50. Since the defendant admits that it possesses the plaintiffs' property, it is guilty of conversion.



Case: 11-05067 Doc# 42 Filed: 09/16/11 Entered: 09/16/11 16:07:24 Page 5 of 9

E. THE DEFENDANT IS NOT ENTITLED TO RULE 56(D) DISCOVERY.

"Under Rule 56(f) [now 56(d)], an opposing party must make clear what information is sought and how it would preclude summary judgment. *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F. 2d 1439 (9th Cir. 1984). Initially, the defendant claims that it needs to take discovery including "personal property tax reports and work papers, which would reflect personal property owned by All American and Plaintiff." With respect to American Gas and Auto, Inc. ("American"), their counsel submited documentation from the Secretary of State demonstrating that company is dissolved (Lewis Dec., Ex. C). Thus, discovery with respect to this entity is not available.

As to the plaintiffs, evidence submitted by the defendant demonstrates that Rule 56(d) discovery will accomplish nothing. On March 27, 2,000, Mr. Grewal purchased a service station located at 8385 Monterey Road in Gilroy ("Premises"). The bill of sale includes all assets of the business (Grewal Dec., ¶3 & Ex. 1). The "major assets" are described in a two paged, hand written addendum. Many of the items at issue are listed in the addendum. The Plaintiffs operated a proprietorship known as Grewal Shell on the Premises. On May 21, 2003, the Plaintiffs bought equipment to test vehicle emission systems for $26,500.00 through a financed lease ("Lease") (Grewal Dec., ¶5, Ex. 2). The items included a CA Bar 97 Revised Smog System, cooling fan, and a dynamometer (Grewal Dec., ¶6).

Later, the Plaintiffs incorporated American and operated an automobile repair business on the Premises. The Plaintiffs did not contribute their personal property to the business (Grewal Dec., ¶9). Thus, the defendant must demonstrate that the plaintiffs contributed their assets to the business. In this context, the Chandler Declaration states.

> 14.Attached hereto as Exhibit E are true and complete copies of the 2004, 2006 and 2007 depreciation schedules provided by All American to Defendant. Such depreciation schedules show a number of items of furniture, fixtures, equipment and other items which may include the Property.

\\

Campeau Goodsell Smith
A Law Corporation



Case: 11-05067 Doc# 42 Filed: 09/16/11 Entered: 09/16/11 16:07:24 Page 6 of 9

The American depreciation schedules, however, support the motion. The following items are listed in Exhibit E.

1. BLDG. -8385 MONTEREY
2. FUR. & FIX .
2. TIRE CHANGE MACHINE
3. TIRE CHANGER
4. SCANNER
5. COMPUTER
6. UST (Underground Storage Tank) SYSYTEM
7. BLDG. IMP.
8. PUMP INSTLL. LABOR
9. COMPTR. & ACCSR.
10. COMPTR. & ACCSR.

The moving papers identify twenty-four items or groups of items that the plaintiffs own, and a chart is included in the Memorandum of Points and Authorities in support of the motion. Except for Item 16 "Desktop computer in the shop" (Grewal Dec., ¶18) that could be "COMPTR. & ACCSR," none of the items in the schedules bear any resemblance to the property claimed in this motion. Thus, the American tax schedules submitted by the defendant actually support the motion. To the extent that a disputed issue of fact exists regarding ownership of the "Desktop computer in the shop," the motion is withdrawn as to that item.

In response to a Motion for Summary Judgment, the defendant cannot rely the allegations of its pleadings but must demonstrate that material issues of fact must be tried. Other than an incomplete financial statement, the defendant offers nothing disputing title to the property or indicating the need for additional discovery. Since the American tax schedules offered by the defendant refute any notion that the plaintiffs contributed property to American, no further discovery on this issue is needed.

\\



Case: 11-05067 Doc# 42 Filed: 09/16/11 Entered: 09/16/11 16:07:24 Page 7 of 9

Campeau Goodsell Smith
A Law Corporation

### F. THE SETOFF CLAIM DOES NOT PRECLUDE SUMMARY JUDGMENT.

Lastly, the defendant claims that the Court cannot award summary judgment on plaintiffs' claims, until it resolves defendant's setoff claim. The argument is hardly compelling. The plaintiffs have no reason to dispute the amount of the deficiency after the foreclosure, but that fact is irrelevant.

The Bankruptcy Code provides for setoff, preserving certain rights that exist under relevant non-bankruptcy law. 11 U.S.C. § 553; see also 5 Collier on Bankruptcy ¶ 553.04, at 553-59 (15th ed. rev.1996). Under setoff, mutual debts cancel each other. These debts may arise either from separate transactions or a single transaction but must be incurred prior to the filing of a bankruptcy petition. See 5 Collier ¶ 553.10, at 553-100; see also 11 U.S.C. § 553(a).

While the instant motion only seeks a judgment as to liability, the damages resulting from violation of § 362 occurred post-petition. Thus, setoff is not available, and the plaintiffs are entitled to judgment finding that the defendant intentionally violated the automatic stay.

The conversion claim is slightly different, but the result is the same. The defendant converted the plaintiffs' property on September 29, 2010 when it changed the locks on the Premises. While that act occurred almost three weeks before the bankruptcy, the defendant still possesses the property. Since "the property consists of machinery, automobiles or something else with a readily provable use or rental value, the plaintiff[s] may recover the value of the use from the time of taking to the time he regains possession." (6 Witkin, Summary of Cal. Law (9th ed.1988) § 1457, p. 931).

Here, the property was determined to be exempt or abandoned to the plaintiffs. Therefore, summary judgment as to ownership and restoration of possession pursuant to Cal. Code Civ. Pro. §667 are appropriate. While the defendant may be able to setoff the deficiency against the three weeks in which the plaintiffs lost use of the property before the bankruptcy, this motion does not seek liquidation of the damages sought. Thus, setoff is not implicated. In any event the amount of post-petition damages is left

Campeau Goodsell Smith
A Law Corporation



Case: 11-05067 Doc# 42 Filed: 09/16/11 Entered: 09/16/11 16:07:24 Page 8 of 9

for another day.

## III. CONCLUSION

Given these considerations, the motion should be granted.

Dated: September 16, 2011

CAMPEAU GOODSELL SMITH
A Law Corporation

By: /s/Gregory J. Charles
Gregory Charles
Attorneys for the Plaintiff

Campeau Goodsell Smith
A Law Corporation



Case: 11-05067 Doc# 42 Filed: 09/16/11 Entered: 09/16/11 16:07:24 Page 9 of 9