```
 1  SCOTT GOODSELL, ESQ., BAR NO.
    WILLIAM HEALY, ESQ., BAR NO.
 2  KARI BOWYER, ESQ., BAR NO. 257033
    CAMPEAU GOODSELL SMITH
 3  440 North First Street, Ste. 100
    San Jose, California 95112
 4  Telephone: 408.295.9555
    Facsimile: 408.852.0233
 5
 6  Counsel for Plaintiffs
    Harbans and Manjit Grewal
 7
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br><br>HARBANS S. GREWAL AND MANJIT K. GREWAL<br><br>                Debtors.<br><br>HARBANS S. GREWAL AND MANIT K. GREWAL,<br><br>                Plaintiff,<br><br>v.<br><br>SANTA CRUZ COUNTY BANK AND DOES 1-10,<br><br>                Defendants. | Case No. 10-60800 ASW<br><br>Chapter 7<br><br>Adversary Pro. No. 11-05067 ASW<br><br>**STIPULATION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; EXTEND DISCOVERY CUTOFF; AND ORDER** |

IT IS HEREBY STIPULATED by and between Plaintiffs and Defendant, through their respective counsel of record, that Plaintiffs may file their First Amended Complaint, a copy of which is attached hereto as Exhibit A, and that the Court may enter an Order accordingly.

The proposed First Amended Complaint differs from plaintiffs' Complaint in that it includes allegations for violations of the discharge order pursuant to 11 U.S.C §524.

Further, the parties hereby stipulate to extend discovery from August 31, 2012 to September 28, 2012.

DATED: AUGUST 9, 2012

ROBERTSON & LEWIS
WM. THOMAS LEWIS, ESQ.

By /s/ WM. THOMAS LEWIS
WM. THOMAS LEWIS, ESQ.
ATTORNEYS FOR DEFENDANT,
SANTA CRUZ COUNTY BANK

DATED: AUGUST 9, 2012

CAMPEAU GOODSELL SMITH

By /s/ KARI S. BOWYER
KARI S. BOWYER
ATTORNEYS FOR PLAINTIFFS,
HARBANS AND MANJIT GREWAL

EXHIBIT "A"

Scott Goodsell, Esq., Bar No.
William Healy, Esq., Bar No.
Kari Bowyer, Esq., Bar No. 257033
Campeau Goodsell Smith
440 North First Street, Ste. 100
San Jose, California 95112
Telephone: 408.295.9555
Facsimile: 408.295.6606

*Counsel for Plaintiffs*
*Harbans and Manjit Grewal*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br><br>HARBANS S. GREWAL AND MANJIT K. GREWAL<br><br>Debtors. | Case No. 10-60800 ASW<br><br>Chapter 7<br><br>Adversary Pro. No. 11-05067 ASW<br><br>FIRST AMENED COMPLAINT FOR VIOLATION FOR:<br><br>1. 11 U.S.C.§362;<br>2. 11 U.S.C. §524; AND<br>3. CONVERSION OF PROPERTY<br><br>Honorable Arthur S. Weissbrodt |
| HARBANS S. GREWAL AND MANIT K. GREWAL,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CRUZ COUNTY BANK AND DOES 1-10,<br><br>Defendants. | |

For their Complaint (the "Complaint") against the Defendant, Plaintiffs aver as follows:

First Amended Complaint

1

## PARTIES

1. Plaintiffs Harbans S. Grewal and Manjit K. Grewal (collectively "Plaintiffs") are individuals of the age of majority residing in the County of Santa Clara.

2. Defendant Santa Cruz County Bank is a banking institution with its principal place of business in the County of Santa Cruz.

3. Plaintiffs do not know the true names of defendants Does 1 through 10, inclusive, and therefore sues them by those fictitious names.

4. Plaintiffs are informed and believe, and on the basis of that information and belief allege, that each of those defendants was in some manner legally responsible for the events and happenings alleged in this complaint and for plaintiff's damages.

5. The names, capacities, and relationships of Does 1 through 10 will be alleged by amendment to this complaint when they are known.

6. Plaintiffs are informed and believe, and on the basis of that information and belief allege, that at all times mentioned in this complaint, defendants were the agents and employees of their codefendants.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157(b).

8. This Adversary Proceeding is a core proceeding within the meaning of 28 U.S.C. §§ 157(b).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

10. This Adversary Proceeding is commenced pursuant to, among other sections, Rule 7001(1) and (7) of the Federal Rules of Bankruptcy Procedure. Further, this Adversary Proceeding is brought pursuant to, among other sections, 11 U.S.C. §§105, 362, and 365.

## FACTS COMMON TO ALL CLAIMS

11. The Plaintiffs filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 18, 2010.

12. Prior to filing for bankruptcy, the Plaintiffs owned a corporation known as American Gas and Auto, Inc. ("American").

13. American operated an automobile repair business in Santa Clara County located at 8385 Monterey Rd ("Premises").

14. Defendant lent money to American, and Plaintiffs personally guaranteed the loan to purchase the Premises.

15. Defendant is scheduled as an unsecured creditor being owed $847,471.00.

16. In the underlying bankruptcy, the Defendant did not claim secured status.

17. The Plaintiffs claimed exemptions pursuant to Cal. Code Civ. Pro. §§703.140(b) (6) and 703.140(b) (1).

18. The Defendant did not challenge the exemptions.

19. The Plaintiffs stored many personal items on the Premises.

20. Many of the items were used by the Plaintiffs as part of American's car repair business.

21. The items include:
   a. 1993 Gold BMW 740il;
   b. BMW engine on rollers;
   c. BMW rims with old tires
   d. MBZ rims with old tires
   e. Water cooler
   f. Small refrigerator
   g. Dynamometer (in ground)
   h. Evaporator machine next to smog machine
   i. Big cooling Fan

Case: 11-05067   Doc# 59   Filed: 08/17/12   Entered: 08/17/12 08:46:20   Page 6 of 16

j. Miscellaneous parts

k. Parts cleaner (blue box)

l. Used black hoses @ nozzles (on shelf)

m. Grinder

n. Personal clothing & blue towels

o. Books, and desktop computer located in the shop

p. Engine Scope

q. Smog Machine

r. Grease Dispenser

s. Oil

t. Mop Bucket

u. O-Rings & Quarter Pins (small plastic boxes)

v. Drain Pans (3)

w. Parts Cart

x. Battery Water Container ; and

y. Funnels (misc.)

22. The Plaintiffs did not contribute these items to the business.

23. The Defendant did hold a Deed of Trust on the real property used by American and a UCC lien on American's tangible property.

24. The Defendant foreclosed on the Premises used by American and the UCC lien.

25. Despite actual knowledge of the bankruptcy, Deborah Crawford ("Crawford"), an officer of the Defendant locked the Plaintiffs out of the building.

26. The action was particularly egregious as the Crawford exercised self-help blatantly violating California Law.

27. Specifically, the Defendant did not obtain a judgment of possession in

First Amended Complaint
4

state court before the lockout.

28. Through their counsel, the Plaintiffs attempted to resolve the violation of state law by contacting Crawford, but she terminated the conversation.

29. On October 4, 2010, Counsel for the Plaintiffs wrote to the Defendant to confirm the conversation.

Dear Ms. Crawford:

I write to confirm the following facts regarding the unlawful actions of you and your employer.

    1. After completing foreclosure of the property, you personally instructed a locksmith to change the locks on the premises;

    2. You changed the locks prior to recording a deed;

    3. You did not serve a three day notice to vacate the premises as required by Cal. Code Civ. Pro. § 1161a;

    4. You did not file an unlawful detainer proceeding and instead used self-help to gain access to the premises;

    5. When you forcibly entered the premises; you found personal property demonstrating that the premises were occupied.

    6. I called you last Friday and specifically advised that you and your client violated the law by changing the locks;

    7. You called me back today, and I specifically asked whether your employer filed an unlawful detainer to obtain possession of the premises;

    8. You refused to answer; and

    9. When I pressed the issue, you hung up on me.

30. In the correspondence, Counsel also demanded return of the Plaintiffs' property on the Premises.

31. Counsel also demanded the return of property belonging to a former American employee named Roberto Martinez.

32. The Defendant did not deny any of the facts confirmed in the October 4,

First Amended Complaint
5

Case: 11-05067   Doc# 59   Filed: 08/17/12   Entered: 08/17/12 08:46:20   Page 8 of 16

2010 correspondence.

33. Crawford allowed Mr. Martinez to retrieve his items and noted the property released on a copy of the October 4, correspondence.

34. Thereafter, Harbans Grewal appeared at the Premises to retrieve the Plaintiffs' property.

35. At that time, Crawford presented a "Waiver of Liability and Hold Harmless Agreement" ("Agreement") to Mr. Grewal.

36. Despite the documented efforts to obtain release of the items, the Agreement falsely states that Plaintiffs "abandoned" their property on the Premises.

37. The Agreement also contains a covenant not to sue.

38. When Mr. Grewal refused to sign the Agreement, Crawford refused to release the Plaintiffs' property.

39. Plaintiffs' counsel documented this fact in correspondence dated October 12, 2010.

> My client still does not have his property and is leaving the country for one month tomorrow. Your client is conditioning release of the items on dropping a nonexistent lawsuit and signing a release. I reiterate my offer. Today, the bank can immediately turn over the property listed in my prior correspondence to Mr. Grewal and Roberto Garcia.
>
> Alternatively, my client will give the bank a full release provided it releases the previously mentioned items as well as these: (1) Grinder; (2) Smog machine; (3) Personal clothing; (4) Books; and (5) desktop computer located in the shop.

40. The Defendant's counsel responded to the demand and advised that the Plaintiffs could retrieve their property.

> While the bank has no duty to return the items in the attachment, and has always acted properly, the bank is willing to return those items to Mr. Grewal. Mr. Grewal should deal with Ms. Crawford directly to coordinate a time to retrieve these items. He has her contact information already.

First Amended Complaint
6

41. Despite the assertion to the contrary, the Defendant did act improperly and had a duty to return the Plaintiffs' property.

42. The Defendant did not return the property, and then conditioned return upon proof that the Plaintiffs' actually owned their property.

43. Since it willfully violated the automatic stay and exercised self help in violation of state law, the Defendant attempted to justify its conduct by claiming that the items actually belonged to American or became fixtures.

44. For example, one of the most valuable items taken by the Defendant is a smog machine.

45. The smog machine also includes a dynamometer which is basically two large rollers allowing a vehicle's wheels to spin during a smog test.

46. It sits in a trench, so the rollers are level with the floor.

47. In that way, a vehicle can be driven onto the rollers for the test.

48. While the dynamometer sits in a trench, it is not in any way attached to the ground.

49. On Schedule B, Line 29, the Plaintiffs listed the following personal property, "Automotive equipment including wheel balancer and smog machine."

50. Prior to incorporating American on March 19, 2004, the Plaintiffs doing business as Grewal Shell purchased the smog machine through a financed lease on May 21, 2003 for $26,500.00.

51. The Plaintiffs are now operating a new automotive business in Santa Clara County and cannot perform smog tests without the dynamometer.

52. In response to a final demand, the Defendant claimed that it owned the dynamometer and conditioned return of other property upon proof of ownership.

53. Their counsel wrote.

> Before proceeding any further, please have Mr. Grewal provide whatever evidence he has that the items claimed in his most recent enumeration of claimed items are actually owned by him.

First Amended Complaint
7

> With respect to the smog machine, the bank continues to assert that same either now owned by the bank by reason of the bank's foreclosure of its UCC lien or same is a fixture and was thus foreclosed by the bank's real property filing, or Mr. Grewal has defrauded the bank by providing materials to the bank to establish assets in a controlled corporate debtor prior to the bank's August 2007 loan, when he secretly claimed such assets as his own.

54. Notably, the Defendant did not assert ownership of the dynamometer in the Plaintiffs' bankruptcy.

55. With respect to the allegations of fraud, the Plaintiffs never provided a list of business assets to the Defendant that included the items sought herein, and it did not object to the Defendants' discharge or the dischargeability of the debt.

56. The Plaintiffs received a discharge on January 19, 2011.

FIRST CLAIM FOR RELIEF
Damages for Violation of 11 U.S.C. § 362

57. Plaintiff incorporates the averments of the Paragraphs 1-56.

58. Section 362(a) of the Bankruptcy Code prohibits, among other things, any acts to exercise control over property of the bankruptcy estate.

59. The items listed in ¶ 21 of this complaint were property of the estate until the Plaintiffs' discharge.

60. Despite actual knowledge of the Plaintiffs' bankruptcy and the automatic stay, the Defendant utilized self help, entered the Premises without obtaining a judgment of possession, and took possession of the property.

61. Thereafter, it conditioned release of the items upon execution of a release by the Plaintiffs.

62. When the Plaintiffs refused to execute the release, the Defendant refused to release the property.

63. Since the Defendant retained bankruptcy counsel in this matter prior to the issuance of the discharge, it undoubtedly received appropriate advice

regarding the automatic stay as well as the requirement of asserting its claim in the bankruptcy.

64. Thus, the Defendant's conduct was both intentional and malicious.

65. As a result of the Defendant's conduct, Plaintiffs suffered actual damages, including costs and attorney's fees in an amount to be determined at trial.

66. Given the egregious nature of the Defendant's conduct, it is also liable to the Plaintiffs for punitive damages.

### SECOND CLAIM FOR RELIEF
Damages for Violation of the Discharge Order 11 U.S.C. §524

67. Plaintiffs incorporate the averments of Paragraphs 1-66 above.

68. On January 1, 2011, Plaintiffs received their discharge. However, Defendants have failed and continue to fail to return property listed and exempted in the bankruptcy schedules.

69. Defendant Santa Cruz County Bank and all of the Doe Defendants are willfully violating the Discharge Order and the discharge injunction under 11 U.S.C. § 524.

70. As a result of the Defendant's conduct, Plaintiffs suffered actual damages, including costs and attorney's fees in an amount to be determined at trial.

71. Given the egregious nature of the Defendant's conduct, it is also liable to the Plaintiffs for punitive damages.

### THIRD CLAIM FOR RELIEF
Conversion

72. Plaintiff incorporates the averments of the Paragraphs 1-56.

73. After it unlawfully entered the Premises without obtaining a judgment of

possession, the Defendant took possession of the Plaintiffs' property and converted the same for its own use.

74. Despite repeated demand, the Defendant has refused to release the property to the Plaintiffs.

75. As a direct and proximate result of Defendant's actions, Plaintiffs have lost, and will continue to lose, profits from the used of the smog machine and other items in an amount to be determined at trial.

76. Plaintiffs are entitled to an award of the value of the property taken, with interest, and other damages in an amount to be proven at trial.

77. In addition, or in the alternative, Plaintiffs are entitled to damages and repossession of the converted property.

78. In addition, or in the alternative, Plaintiffs are entitled to restitution of the Defendant's ill-gotten gains.

79. Plaintiffs will elect remedies at trial.

80. The aforementioned acts of the Defendant were willful, wanton, malicious, and oppressive, were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor against the Defendant for:

1. Compensatory damages suffered by the Plaintiffs;
2. Restoration of their property or the value thereof;
3. Damages for loss of the use of the property;
4. Costs and attorney's fees incurred by the Plaintiffs as a result of the deprivation;
5. Punitive damages;
6. Costs of these proceedings; and
7. Any relief available under the facts asserted herein.

Dated: August 9, 2012

CAMPEAU GOODSELL SMITH
A Law Corporation

By: /s/: Kari Bowyer
    Kari S. Bowyer
    Attorneys for Plaintiff

First Amended Complaint
11

Scott Goodsell, Esq., Bar No.
William Healy, Esq., Bar No.
Kari Bowyer, Esq., Bar No. 257033
Campeau Goodsell Smith
440 North First Street, Ste. 100
San Jose, California 95112
Telephone: 408.295.9555
Facsimile: 408.852.0233

*Counsel for Plaintiffs*
*Harbans and Manjit Grewal*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br><br>HARBANS S. GREWAL AND MANJIT K. GREWAL<br><br>Debtors.<br><br>HARBANS S. GREWAL AND MANIT K. GREWAL,<br><br>Plaintiff,<br><br>V.<br><br>SANTA CRUZ COUNTY BANK AND DOES 1-10,<br><br>Defendants. | Case No. 10-60800 ASW<br><br>Chapter 7<br><br>Adversary Pro. No. 11-05067 ASW<br><br>**STIPULATION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; EXTEND DISCOVERY CUTOFF; AND ORDER** |

## ORDER

Having considered the foregoing Stipulation of the parties, and good cause appearing therefrom,

2

1   IT IS HEREBY ORDERED that the foregoing Stipulation is approved and that
2   Plaintiffs are granted leave to file their First Amended Complaint, a copy of which is
3   attached to the Stipulation as Exhibit A. The First Amended Complaint shall be deemed
4   filed as of the date of this Order. Defendants shall have thirty (30) days from the date of
5   service of this Order to respond to the First Amended Complaint.

7   IT IS FUTHER ORDERED that discovery deadline cutoff is now September 28,
8   2012.