Wm. Thomas Lewis/State Bar No. 116695
**ROBERTSON & LEWIS**
Attorneys at Law
150 Almaden Boulevard, Suite 950
San Jose, CA 95113
Telephone: (408) 294-3600

Attorneys for Defendant
Santa Cruz County Bank

UNITED STATE BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re **HARBANS S. GREWAL** and **MANJIT K. GREWAL**, <br><br> Debtors. | Case No. 10-60800 <br><br> Chapter 7 <br><br> Adversary Proceeding No. 11-05067 |
| **HARBANS S. GREWAL** and **MANJIT K. GREWAL**, <br><br> Plaintiffs, <br><br> vs. <br><br> **SANTA CRUZ COUNTY BANK** and Does 1-10 <br><br> Defendants | ANSWER OF DEFENDANT SANTA CRUZ COUNTY BANK TO FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF 11 U.S.C. §§362 and 524, AND FOR CONVERSION |

In response to the First Amended Complaint for Damages for Violation of 11 U.S.C. §§362 and 524, and for Conversion (the First Amended Complaint") filed by plaintiff **HARBANS S. GREWAL** and **MANJIT K. GREWAL** (the "Plaintiff") against defendant **SANTA CRUZ COUNTY BANK** (the "Defendant"), the Defendant hereby responds as follows:

Defendant denies both generally and specifically and both conjunctively and disjunctively each, every, all and any singular allegation(s) contained in the First Amended Complaint and further denies that Plaintiff has been or will be damaged by reason of any act or omission on the part of Defendant, that Plaintiff has been or will be damaged in any amount whatsoever, that Plaintiff is not entitled to the payment of any sum whatsoever from this Defendant, or that any sum whatsoever is due and owing to Plaintiff from Defendant.

Without limiting the generality of the foregoing, Defendant hereby specifically alleges and avers as follows:

1. Defendant has no information or belief concerning the allegations in paragraph 1 of the First Amended Complaint and, on such basis, denies the allegations in said paragraph.

2. Defendant admits the allegations of paragraph 2.

3. Defendant has no information or belief concerning the allegations in paragraph 3 of the First Amended Complaint and, on such basis, denies the allegations in said paragraph.

4. Defendant has no information or belief concerning the allegations in paragraph 4 of the First Amended Complaint and, on such basis, denies the allegations in said paragraph.

5. Defendant has no information or belief concerning the allegations in paragraph 5 of the First Amended Complaint and, on such basis, denies the allegations in said paragraph.

6. Defendant has no information or belief concerning the allegations in paragraph 6 of the First Amended Complaint and, on such basis, denies the allegations in said paragraph.

7. Defendant admits the allegations of paragraph 7.

8. Defendant admits that the claim with respect to 11 U.S.C. §§362 and 524 are core proceedings, but denies that the claim respecting conversion is a core proceeding.

9. Defendant admits the allegations of paragraph 9.

10. Defendant has no information or belief concerning the allegations in paragraph 10 of the First Amended Complaint and, on such basis, denies the allegations in said paragraph.

11. Defendant admits the allegations of paragraph 11.

12. Defendant admits the allegations of paragraph 12.

13. Defendant admits the allegations of paragraph 13.

14. Defendant admits the allegations of paragraph 14.

15. Defendant has no information or belief concerning the allegations in paragraph 15 of the First Amended Complaint and, on such basis, denies the allegations in said paragraph.

16. No notice of bankruptcy was ever served on Defendant, any notice purportedly served was not served in compliance with 11 U.S.C. §342, any notice (even if properly served and/or received by Defendant) advised all creditors to refrain from submitting claims into the

ROBERTSON & LEWIS
Attorneys at Law
150 Almaden Blvd.
Suite 950
San Jose, CA 95113

bankruptcy until advised to do so, no notice requesting the submission of claims was ever served by the Chapter 7 trustee, and thus no claims were ever submitted in the Chapter 7 case. On said bases and others, Defendant denies the allegations of paragraph 16.

17. Defendant denies the allegations of paragraph 17.

18. No notice of bankruptcy was ever served on Defendant, any notice purportedly served was not served in compliance with 11 U.S.C. §342, any notice (even if properly served and/or received by Defendant) advised all creditors to refrain from submitting claims into the bankruptcy until advised to do so, no notice requesting the submission of claims was ever served by the Chapter 7 trustee, and thus no claims were ever submitted in the Chapter 7 case. On said bases and others, Defendant denies the allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

20. Defendant has no information or belief concerning the allegations in paragraph 20 of the First Amended Complaint and, on such basis, denies the allegations in said paragraph.

21. Defendant has no information or belief concerning the allegations in paragraph 21 of the First Amended Complaint and, on such basis, denies the allegations in said paragraph.

22. Defendant denies the allegations of paragraph 22.

23. Defendant admits the allegations of paragraph 23.

24. Defendant admits the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Defendant denies the allegations of paragraph 26.

27. Defendant admits the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30.

31. Defendant denies the allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32.

33. Defendant denies the allegations of paragraph 33.

34. Defendant denies the allegations of paragraph 34.

**ROBERTSON & LEWIS**
Attorneys at Law
150 Almaden Blvd.
Suite 950
San Jose, CA 95113

Case: 11-05067   Doc# 63   Filed: 09/11/12   Entered: 09/11/12 11:34:13   Page 3 of 9

35. Defendant denies the allegations of paragraph 35.

36. Defendant denies the allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37.

38. Defendant denies the allegations of paragraph 38.

39. Defendant denies the allegations of paragraph 39.

40. Defendant denies the allegations of paragraph 40.

41. Defendant denies the allegations of paragraph 41.

42. Defendant denies the allegations of paragraph 42.

43. Defendant denies the allegations of paragraph 43.

44. Defendant denies the allegations of paragraph 44.

45. Defendant denies the allegations of paragraph 45.

46. Defendant denies the allegations of paragraph 46.

47. Defendant has no information or belief concerning the allegations in paragraph 47 of the First Amended Complaint and, on such basis, denies the allegations in said paragraph.

48. Defendant denies the allegations of paragraph 48.

49. No notice of bankruptcy was ever served on Defendant, any notice purportedly served was not served in compliance with 11 U.S.C. §342, any notice (even if properly served and/or received by Defendant) advised all creditors to refrain from submitting claims into the bankruptcy until advised to do so, no notice requesting the submission of claims was ever served by the Chapter 7 trustee, and thus no claims were ever submitted in the Chapter 7 case. On said bases and others, Defendant denies the allegations of paragraph 49.

50. Defendant has no information or belief concerning the allegations in paragraph 50 of the First Amended Complaint and, on such basis, denies the allegations in said paragraph.

51. Defendant has no information or belief concerning the allegations in paragraph 51 of the First Amended Complaint and, on such basis, denies the allegations in said paragraph.

52. Defendant denies the allegations of paragraph 52.

53. Defendant denies the allegations of paragraph 53.

ROBERTSON & LEWIS
Attorneys at Law
150 Almaden Blvd.
Suite 950
San Jose, CA 95113

54. No notice of bankruptcy was ever served on Defendant, any notice purportedly served was not served in compliance with 11 U.S.C. §342, any notice (even if properly served and/or received by Defendant) advised all creditors to refrain from submitting claims into the bankruptcy until advised to do so, no notice requesting the submission of claims was ever served by the Chapter 7 trustee, and thus no claims were ever submitted in the Chapter 7 case. On said bases and others, Defendant denies the allegations of paragraph 54.

55. No notice of bankruptcy was ever served on Defendant, any notice purportedly served was not served in compliance with 11 U.S.C. §342, any notice (even if properly served and/or received by Defendant) advised all creditors to refrain from submitting claims into the bankruptcy until advised to do so, no notice requesting the submission of claims was ever served by the Chapter 7 trustee, and thus no claims were ever submitted in the Chapter 7 case. On said bases and others, Defendant denies the allegations of paragraph 55.

56. Defendant admits the allegations of paragraph 56.

57. Defendant incorporates the responses set forth above to the various paragraphs incorporated by reference into paragraph 57 of the First Amended Complaint.

58. Defendant denies the allegations of paragraph 58.

59. Defendant denies the allegations of paragraph 59.

60. Defendant denies the allegations of paragraph 60.

61. Defendant denies the allegations of paragraph 61.

62. Defendant denies the allegations of paragraph 62.

63. Defendant denies the allegations of paragraph 63.

64. Defendant denies the allegations of paragraph 64.

65. Defendant denies the allegations of paragraph 65.

66. Defendant denies the allegations of paragraph 66.

67. Defendant incorporates the responses set forth above to the various paragraphs incorporated by reference into paragraph 67 of the First Amended Complaint.

68. Defendant denies the allegations of paragraph 68.

69. Defendant denies the allegations of paragraph 69.

ROBERTSON & LEWIS
Attorneys at Law
150 Almaden Blvd.
Suite 950
San Jose, CA 95113

70.  Defendant denies the allegations of paragraph 70.

71.  Defendant denies the allegations of paragraph 71.

72.  Defendant incorporates the responses set forth above to the various paragraphs incorporated by reference into paragraph 72 of the First Amended Complaint.

73.  Defendant denies the allegations of paragraph 73.

74.  Defendant denies the allegations of paragraph 74.

75.  Defendant denies the allegations of paragraph 75.

76.  Defendant denies the allegations of paragraph 76.

77.  Defendant denies the allegations of paragraph 77.

78.  Defendant denies the allegations of paragraph 78.

79.  Defendant denies the allegations of paragraph 79.

80.  Defendant denies the allegations of paragraph 80.

## AFFIRMATIVE DEFENSES

In addition, Defendant alleges the following affirmative defenses:

1.  <u>Failure to State a Cause of Action</u>.  The First Amended Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

2.  <u>Failure to Mitigate</u>.  Plaintiff's recovery of damages (if any) is barred or must be reduced because of Plaintiff's failure to migrate damages in the time, manner and extent prescribed by applicable law.

3.  <u>Laches</u>.  To the extent Plaintiff's claims are based upon any equitable bases, such claims are barred under the equitable doctrine of laches.

4.  <u>Estoppel</u>.  Plaintiff is estopped from asserting any liability against Defendant as a result of Plaintiff's acts and omissions.

5.  <u>Waiver</u>.  Plaintiff's actions constitute a waiver of Plaintiff's right to assert any liability against Defendant.

6.  <u>Unclean Hands</u>.  Plaintiff's actions makes Plaintiff guilty of unclean hands.

**ROBERTSON & LEWIS**
Attorneys at Law
150 Almaden Blvd.
Suite 950
San Jose, CA 95113

Case: 11-05067   Doc# 63   Filed: 09/11/12   Entered: 09/11/12 11:34:13   Page 6 of 9

7. <u>Statute of Frauds</u>. Plaintiff's claims are barred by the Statute of Frauds codified in California Civil Code section 1624.

8. <u>Fraud</u>. Defendant's actions in connection with the claims set forth in the First Amended Complaint were induced by the fraudulent representations of Plaintiff, which fraudulent representations were reasonably relied on by Defendant to the Defendant's detriment.

9. <u>Unilateral Mistake</u>. In connection with the claims set forth in the First Amended Complaint, Defendant made a unilateral mistake in entering into such agreement and Plaintiff was either aware (or should have been aware) of such unilateral mistake at the time thereof or was the cause of such mistake.

10. <u>Offer of Performance</u>. In connection with the claims set forth in the First Amended Complaint, Defendant offered to perform in accordance with the provisions of California Civil Code sections 1485-1515 and such offer was refused.

11. <u>No Damages</u>. Plaintiff has not suffered damages or any harm as a result of any act or forbearance of Defendant.

12. <u>Negligence</u>. Plaintiff was itself careless, negligent, and at fault in and about the matters alleged in the First Amended Complaint in that Plaintiff failed to exercise ordinary care, caution and prudence and such negligence proximately caused the damages (if any) to Plaintiff.

13. <u>Assumption of Risk</u>. Plaintiff's alleged damages (if any) were a direct proximate result of its own knowing and voluntary acts, forbearance and/or assumption of the risk, do not result from any act or omission of Defendant, and said acts, forbearance and/or voluntary assumption of the risk by Plaintiff bars the claims asserted in the First Amended Complaint.

14. <u>Setoff</u>. Defendant holds claims against Plaintiff that equal or exceed sums claimed to be owing by Defendant to Plaintiff under the First Amended Complaint and thus Defendant is entitled to an setoff under applicable law, including without limitation 11 U.S.C. §553.

15. <u>No Opportunity Challenge Exemptions</u>. Because No notice of bankruptcy was ever served on Defendant, any notice purportedly served was not served in compliance with 11 U.S.C. §342, any notice (even if properly served and/or received by Defendant) advised all creditors to refrain from submitting claims into the bankruptcy until advised to do so, no notice requesting the

ROBERTSON & LEWIS
Attorneys at Law
150 Almaden Blvd
Suite 950
San Jose, CA 95113

submission of claims was ever served by the Chapter 7 trustee, and thus no claims were ever submitted in the Chapter 7 case, Defendant did not have any opportunity to challenge Plaintiff's claimed exemptions.

16. <u>Vague and Ambiguous Exemption Claims</u>. The exemptions claimed by Plaintiff in their Chapter 7 proceeding either did not extend to the assets claimed in the present action or were vague, ambiguous or misleading and thus inadequate to exempt the assets claimed in the present action.

17. <u>No Title in Assets</u>. Plaintiff does not have any right, title or interest in the claimed assets.

18. <u>No Title in Assets Demonstrated</u>. Despite requests, Plaintiff never demonstrated any right, title or interest in the claimed assets.

19. <u>No Right, Title or Interest in Premises</u>. Plaintiff's schedules did not reveal or claim any right, title or interest in the gasoline station premises on Monterey Road.

20. <u>Assets Claimed are Fixtures</u>. Some or all of the assets claimed are fixtures or otherwise became part of the real property under applicable law, such that title to same passed to Defendant upon foreclosure of the Defendant's deed of trust on the gasoline station premises on Monterey Road.

21. <u>No Jurisdiction on Conversion Claim</u>. This court lacks of subject matter jurisdiction of the state court conversion claim under Federal Rule of Bankruptcy Procedure Rule 7012(b) [incorporating by reference Federal Rule of Civil Procedure Rule 12(b)(1)] and under 28 U.S.C. §157(b)(1)(a).

///

///

ROBERTSON & LEWIS
Attorneys at Law
150 Almaden Blvd.
Suite 950
San Jose, CA 95113

WHEREFORE, Defendant pays as follow:

1. For a judgment in favor of Defendant and denying Plaintiff any relief by and through the First Amended Complaint;

2. For an award to Defendant of all of its attorneys' fees and costs associated with this action.

3. For such other and further relief in favor of Defendant as this court deems just and proper.

Dated: September 11, 2012　　　　　　　　　　　**ROBERTSON & LEWIS**

By: */s/ Wm. Thomas Lewis*
　　Wm. Thomas Lewis, Esq.
　　Attorneys for Defendant Santa Cruz County Bank

ROBERTSON & LEWIS
Attorneys at Law
150 Almaden Blvd.
Suite 950
San Jose, CA 95113